UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURIE A. CHMIELEWSKI,

    Plaintiff,

        V.                        No. 3:18-cv-00028(WIG)

NANCY A. BERRYHILL,
Acting Commissioner
of Social Security,

    Defendant.
_____ X

## RULING ON PENDING MOTIONS

Plaintiff Laurie A. Chmielewski has filed this appeal following the denial of her application for Title XVI supplemental security income benefits ("SSI"). It is brought pursuant to 42 U.S.C. § 405(g). [1] Plaintiff now moves for an order reversing the decision of the Commissioner of the Social Security Administration ("the Commissioner"), or in the alternative remanding the matter for rehearing. [Doc. # 22]. The Commissioner has responded with a motion to affirm her decision. [Doc. # 23]. After careful consideration of the arguments raised

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. § 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. § 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

by the parties, and thorough review of the administrative record, the Court reverses the decision of the Commissioner and remands the matter for additional proceedings consistent with this Ruling.

## **LEGAL STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258. If the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

**BACKGROUND**

1. **Facts**

Plaintiff filed her SSI application on April 9, 2014, alleging disability onset date of October 18, 2012. Her claim was denied initially and upon reconsideration. Plaintiff then requested a hearing. A hearing was held before Administrative Law Judge Eskunder Boyd (the "ALJ") on September 13, 2016. Plaintiff, who was not represented by counsel at the hearing, provided testimony. A vocational expert also testified. On November 1, 2016, the ALJ issued a decision denying Plaintiff's claim. Plaintiff timely sought review of the ALJ's decision by the Appeals Council. On November 1, 2017, the Appeals Council denied review, making the ALJ's decision the final determination of the Commissioner. This action followed.

Plaintiff was forty-six years of age on the alleged disability onset date. She has a high school education and has no past relevant work experience. Plaintiff's complete medical history is set forth in the Joint Stipulation of Facts filed by the parties. [Doc. # 22-1]. The Court adopts this stipulation and incorporates it by reference herein.

2. **The ALJ's Decision**

The Commissioner must follow a sequential evaluation process for assessing disability claims. The five steps of this process are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider the

claimant disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. § 416.920(a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on the final step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

In this case, at Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 9, 2014, the application date. (R. 19). At Step Two, the ALJ found Plaintiff has the following severe impairments: plantar fasciitis; obesity; rotator cuff tear; and anxiety disorder. (R. 18-19.). At Step Three, the ALJ found that these impairments, alone or in combination, do not meet or equal the severity of one of the listed impairments. (R. 19). The ALJ then found that Plaintiff retains the following residual functional capacity[2]:

> Plaintiff can perform light work except she is able to stand and/or walk two to four hours and sit for six hours; she requires a sit/stand option defined as sitting for 30 minutes, alternate to standing position for three minutes, and then resume sitting. She may never climb ladders, ropes, scaffolds, or stairs but may occasionally climb ramps, and may occasionally balance, stoop and crouch with no ability to kneel or crawl. She may frequently handle and finger, but can perform no overhead reaching with the right upper extremity. She should not work with exposure to temperature extremes. She is able to perform simple, routine, repetitive tasks and is able to sustain concentration, persistence, or pace for two-hour segments with brief and superficial interaction with coworkers and no interaction with the public.

(R. 21). At Step Four, the ALJ found Plaintiff has no past relevant work. (R. 26). Finally, at Step Five, the ALJ relied on the testimony of the vocational expert to conclude that there are jobs

---

[2] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

4

in significant numbers in the national economy Plaintiff can perform. (R. 26). Accordingly, the ALJ found Plaintiff to be not disabled.

## DISCUSSION

When Plaintiff arrived for the September 13, 2016 hearing, she was unaccompanied by an attorney. The ALJ acknowledged Plaintiff was unrepresented, and the following dialogue occurred:

> **ALJ:** Now before we go forward, Ms. Chmielewski, I do have to note for the record that you do you not have a representative; is that correct?
>
> **CLMT:** Correct. Yes.
>
> **ALJ:** All right. Let me – I want to go – I have to – just try to remember to speak up a little bit. All right. So let me go ahead and talk about what your rights to representation are so you have a good idea what – how to go forward. You do have the right to be represented by an attorney or a non-attorney. A representative can help you obtain information about your claim, submit evidence, explain medical terms, help protect your rights, and make any request or give any notice about the proceedings before me. A representative may not charge a fee or even receive a fee unless we approve it. If you appoint a representative, you might be responsible for certain expenses, such as obtaining a copy of your medical records. Now some legal organizations offer representation free of charge if you satisfy the qualifying requirement of that organization like Legal Aid, or something like that if you come in underneath the income guidelines. You also have the right to proceed without a representative. And should you do so, I will obtain the relevant medical and non-medical records and question you at the hearing. Nevertheless, a representative could present your evidence in a way that is most favorable to your case. Now with that said, do you understand what your rights to representation are?
>
> **CLMT:** Yes.
>
> **ALJ:** Do you want to go forward today without a representative?
>
> **CLMT:** Yes.

(R. 36-37).

Social security disability claimants have a statutory and regulatory right to counsel at the hearing level. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (citing 42 U.S.C. § 406; 20 C.F.R. § 416.1505). The relevant statutes and regulations indicate that a

claimant must be notified, in writing, of his or her options for obtaining attorney representation at the hearing, including the availability of organizations providing legal services free of charge. 42 U.S.C. § 406(c); 20 C.F.R. § 416.1506. "Moreover, at the hearing itself, 'the ALJ must ensure that the claimant is aware of [her] right [to counsel].'" *Id.* (quoting *Robinson v. Sec'y of Health & Human Servs.*, 733 F.2d 255, 257 (2d Cir.1984)). When a claimant is properly informed of this right to counsel, the right can be waived when such waiver is made knowingly and voluntarily. *Id.* at 509. In determining whether a claimant has properly waived her right to representation, the ALJ must perform more than a mere perfunctory inquiry. *Collado v. Astrue*, No. 05-cv-3337(KMK)(LMS), 2009 WL 2778664, at *11 (S.D.N.Y. Aug. 31, 2009). Specifically, an ALJ must consider, in addition to the claimant's spoken words at the hearing, the administrative record and the claimant's education and mental capacity. *Id.* (determining claimant's waiver insufficient when the ALJ failed to consider her limited education, limited command of English, and alleged mental impairments).

In this case, the ALJ failed to secure Plaintiff's knowing waiver of her right to representation. While it is clear that Plaintiff received written notice advising her of her right to representation before the hearing, the ALJ failed to ensure, *at* the hearing, that Plaintiff was aware of her right to representation. In particular, the ALJ failed to inform Plaintiff that she could postpone the hearing to obtain counsel, and then proceed with the hearing at a later date. The limited colloquy between the ALJ and Plaintiff fails to establish the ALJ satisfactorily considered whether Plaintiff knowingly waived her right to representation during the hearing. *See Paul v. Comm'r of Soc. Sec.*, No. 15-CV-5971 (JLC), 2016 WL 1743083, at *6 (S.D.N.Y. Apr. 28, 2016) (finding legal error when ALJ failed to ensure claimant "was aware of her right to counsel or ask whether she wanted additional time to secure legal representation."). *Cf. Bodine*

6

*v. Colvin*, No. 3:11-CV-1265 LEK/DEP, 2013 WL 1108625, at *5 (N.D.N.Y. Feb. 25, 2013), *report and recommendation adopted,* No. 3:11-CV-1265 LEK/DEP, 2013 WL 1104127 (N.D.N.Y. Mar. 18, 2013) (reasoning ALJ satisfied *Lamay* obligations by actions including explaining to claimant "what was at stake, and offer[ing] to adjourn the hearing in order to afford her an opportunity to retain counsel."); *Myers v. Astrue*, No. 7:06-CV-0331NAM/RFT, 2009 WL 2162541, at *14 (N.D.N.Y. July 17, 2009) (finding an effective waiver when ALJ offered to adjourn the hearing in order for claimant to obtain counsel).

That Plaintiff was represented in previous steps of the disability process does not change the outcome here. The Court is not assured that Plaintiff was aware of her right to representation at the time of the hearing and knowingly waived it. The transcript reveals Plaintiff had some difficulty participating in the proceedings themselves. For example, prior to questioning the vocational expert, the ALJ asked Plaintiff if there was "anything going on in your medical situation that I didn't ask you about that you want me to know that might help make a decision in your case? I mean did I -- you know, are there any stones left unturned you'd like to explore a little bit? (R. 59). The following exchange then took place:

> **CLMT:** Like just say something?
>
> **ALJ:** of course.
>
> **CLMT:** I -- I -- I don't know. Like what are you asking? What do you want me to say?
>
> **ALJ:** What I want you to do is this, I mean all I'm asking for -- what we're trying to do is we're trying to run through your medical conditions and how they limit you from working, right?
>
> **CLMT:** Okay.
>
> **ALJ:** And I've asked a few questions about this medical issue or that medical issue, right?

7

>	**CLMT:** Okay.
>
>	**ALJ:** Have I skipped over any? Have I -- have I omitted -- have I -- are there any medical situations that I didn't ask you about? Remember what I said about filling in the blanks and you helping me --
>
>	**CLMT:** Right.
>
>	**ALJ:** -- you know what I mean?
>
>	**CLMT:** I don't --
>
>	**ALJ:** That's what I'm talking about.
>
>	**CLMT:** I don't know.
>
>	**ALJ:** All right.
>
>	**CLMT:** I don't know.
>
>	**ALJ:** Okay. It's all right. It's just -- it's just what you think is going on internally, that's all.
>
>	**CLMT:** What do you mean? I don't really understand?

(R. 59-60). This colloquy makes the Court question whether the ALJ fulfilled his duty to ensure Plaintiff understood the nature of the proceedings and understood the import of waiving her right to representation. Further, there is no indication that the ALJ considered how Plaintiff's anxiety disorder may have impacted her ability to understand what it meant to proceed without representation. *See Leonard v. Comm'r of Soc. Sec.*, No. 5:05-CV-1084 FJS/GHL, 2008 WL 3285947, at *7 (N.D.N.Y. Aug. 7, 2008) (finding that "a question of a possible mental impairment" was a factor in concluding claimant did not knowingly waive her right to representation).

In light of the foregoing, the Court cannot conclude Plaintiff's waiver was knowing and voluntary.

The Court additionally finds that lack of counsel resulted in prejudice in this case. When a claimant is denied the right to representation, remand is proper only if "the lack of counsel resulted in prejudice to the claimant or unfairness in the proceeding." *Hynes v. Astrue*, No. 12-CV-719 JFB, 2013 WL 3244825, at *13 (E.D.N.Y. June 26, 2013). "Determining whether a claimant was prejudiced is bound up in the inquiry of whether the ALJ properly conducted the hearing and adequately developed the record in the manner the Second Circuit requires in a *pro se* case." *Flores v. Astrue*, No. 08 CIV. 2810 (PKC), 2009 WL 1562854, at *8 (S.D.N.Y. May 27, 2009) (quotation marks omitted). When, as here, a claimant is proceeding *pro se*, "the ALJ has a heightened duty to prevent prejudice to the claimant, and must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts surrounding the alleged right or privilege." *Id.* (quotation marks omitted).

Prejudice resulted from Plaintiff's lack of representation at the hearing because the ALJ did not fulfill his duty to probe into and inquire of all the relevant facts. The hearing transcript reveals Plaintiff provided limited, imprecise responses to the ALJ's questions, without the ALJ pressing Plaintiff for additional information. Courts have found prejudice when a claimant's responses at the hearing were "often confused and unclear," because counsel could have assisted claimant in "preparing for … testimony, helping … understand the ALJ's questions, and helping to fill in gaps or clarify … testimony through additional questioning." *Samuel v. Comm'r of Soc. Sec.*, No. 14 CV 4634 PKC, 2015 WL 5774850, at *13 (E.D.N.Y. Sept. 30, 2015). Likewise, courts have found lack of counsel resulted in prejudice when, as here, an ALJ "failed scrupulously and conscientiously to probe into, inquire of, and explore all the relevant facts." *Leonard v. Comm'r of Soc. Sec.*, No. 5:05-CV-1084 FJS/GHL, 2008 WL 3285947, at *8 (N.D.N.Y. Aug. 7, 2008).

Accordingly, the Court finds that the ALJ failed to adequately ensure Plaintiff was aware of her right to be represented by an attorney and to ensure that she knowingly and voluntarily waived that right. The Court also finds that Plaintiff's lack of counsel resulted in prejudice to her because an attorney would have assisted Plaintiff in guaranteeing that a complete and coherent evidentiary record was established and that key medical records were highlighted for the ALJ during the hearing. Therefore, remand is appropriate and the Court need not address the parties' other claims.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion to reverse and DENIES the Commissioner's motion to affirm. This case is remanded to the ALJ for further proceedings in accordance with this opinion. The Clerk of Court is requested to enter judgment accordingly and close this case.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c).

SO ORDERED, this   4th   day of April, 2019, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　  */s/ William I. Garfinkel*
　　　　　　　　　　　　　　　　　　　　WILLIAM I. GARFINKEL
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge